SOLOMON THAYER *versus* DAVID WADSWORTH *et al.*

The plaintiff having agreed to spin at the defendants' factory at a certain rate per yard, and for a certain time, upon being furnished by them with the material, and the defendants having failed, occasionally, to supply sufficient material, it was *held*, that the plaintiff waived his right to terminate the contract on the ground of such failures, if he continued in the defendants' service for such a length of time afterwards, as would lead the jury to infer a waiver; and that if the plaintiff left the defendants' service without saying at the time, that he left on that ground, he thereby waived such right, so far as regarded deficiencies in the supply of material happening a short time before he left.

If a contract for service to be performed for a certain time, be silent as to the time when payment is to be made therefor, the presumption, that payment is to be made at the expiration of the term of service, and not in part before that time, may be rebutted by any evidence from which a jury may lawfully infer a different arrangement between the parties.

ASSUMPSIT upon an account annexed to the writ, for spinning done by the plaintiff at the factory of the defendants. Trial in the Court of Common Pleas, before *Strong* J.

The plaintiff offered evidence to prove, that he worked for the defendants from about the 1st of May till the latter part of August, 1836.

The defendants, thereupon, introduced B. W. Bullard, as a witness, for the purpose of proving that the work was done by the plaintiff under a special contract, in which it was stipulated, that he should stay in their employment until the 1st of April, 1837, and be paid at an agreed rate per yard. The witness testified, that the plaintiff, in a conversation with him in July 1836, stated that he had agreed to work for the defendants till the 1st of April, 1837.

Bullard and other witnesses testified that the defendants settled with their workmen once in three months. The defendants also introduced M. D. Erskine as a witness, who testified that the plaintiff, in a conversation with him, stated that he was to stay in the employment of the defendants, till the 1st of April, 1837, and that he was to have a certain sum (naming it) per yard.

The plaintiff then produced evidence tending to show, that he was not properly supplied with work by the defendants from the 1st of July till the time when he left, and that he was out of employment parts of several days, and once, a short time

30

before he left; and he offered to show that he complained of this to others, but the evidence of such complaints (they not having been made to the defendants) was ruled to be incompetent.

It appeared by the books of the defendants, that they settled with the plaintiff, at the end of the first quarter, for his work from May to the first of July, 1836, and paid him therefor.

The judge instructed the jury, in regard to the deficiency of work complained of, that the defendants were bound to furnish a reasonable supply of work; that if they failed to do so at any time, and the plaintiff continued to work on afterwards, it would be a waiver on his part, of the right to terminate the contract, if the jury thought the length of time during which he continued to work after such deficiency, was such as to warrant them to infer such a waiver; but that this was a question entirely for them. It was also left to the jury to infer, if they thought the evidence sufficient, that the plaintiff, by omitting to say, when he left the service of the defendants, that he left on *the ground of the deficiency of work,* had waived this ground so far as regarded deficiencies of work, happening a short time before he left.

The plaintiff contended, that if it was left to the jury to find whether there was a special contract, it should be also left to them to find *what were its terms as to the times of* payment, &c.; and that they might take into consideraton, among other things, the conduct of the parties, the payment on the 1st of July, and the custom of the defendants to pay at the end of every three months, in determining, if a special contract was made, *what were its terms, as to the times of payment, the* performance of the services for the entire term not being a condition precedent to the plaintiff's recovery for the services which he actually performed.

The judge instructed the jury, on the point of a special contract, that the burden of proof was upon the defendants; that if it was for a certain time, the law implied a promise to pay at the expiration of that time; that it was not necessary that there should be evidence to enable the jury to find the terms of the contract as to the times of payment, and that if they found that there was a contract to work until the 1st of April, 1837, at an agreed price, the verdict must be for the defendants.

The jury returned a verdict for the defendants.

The plaintiff excepted to the ruling of the court, that it was sufficient to entitle the defendants to a verdict, if the jury found a contract to have been made, which was to continue till the 1st of April, without their finding the terms of that contract as to the times of payment ; and also to the ruling concerning any supposed waiver by the plaintiff, of his right to leave the service of the defendants on account of their failing to supply work.

*Washburn*, for the plaintiff, cited *Stark* v. *Parker*, 2 Pick. 267 ; *Willington* v. *West Boylston*, 4 Pick. 101 ; *Pordage* v. *Cole*, 1 Saund. 320 and note ; *Couch* v. *Ingersoll*, 2 Pick. 292 ; *Ughtred's Case*, 7 Coke, 74 ; *Terry* v. *Duntze*, 2 H. Bl. 389.

*Oct. 3d.*

*Merrick*, for the defendants.

DEWEY J. delivered the opinion of the Court. The plaintiff, on the trial of this cause, offered evidence to prove, that he had labored for the defendants from about the first of May 1836, to the latter part of August following, in the business of spinning. Having thus shown the performance of services beneficial to the defendants, and done with their knowledge, the law raises the promise set forth in the declaration, that the defendants would pay to the plaintiff what those services were reasonably worth. The defendants resisted this claim, alleging that there was a special contract between the parties, by which it was agreed that the plaintiff should continue in the employment of the defendants until the 1st of April, 1837, which contract was violated by the plaintiff, in leaving their service in August 1836, without any justifiable cause ; placing the defence upon the general principles of *Stark* v. *Parker*, 2 Pick. 267, where it was held, that if a person entering into a contract for service for a certain term, at a stated price for the whole term, should voluntarily leave that service before the expiration of that term, without any justifiable cause, he could maintain no action to recover a compensation for any services actually performed under the contract.

*Oct. 9th.*

The legal principles of that case are undoubtedly correct, but care should be taken to apply them to cases depending upon similar facts, or those substantially analogous to them.

In the present case it will be remembered, that the defend-

ants assume to establish the special contract. This contract (so far as it was proved by them) was a contract by the plaintiff to labor for the defendants until the 1st of April then next, at an agreed price by the yard for the spinning done by him. There was no proof of the terms of the contract by any one who was present at the making of it, but whatever we learn of its provisions comes from the declarations of the plaintiff, made in incidental conversations, not naturally giving occasion to speak of the terms of payment. The defendants contend that the facts thus shown, establishing the service to be for a certain time, accompanied with the evidence that the plaintiff left without cause before the expiration of the term, were, in law, a good bar to the action.

The plaintiff denies that the special contract, as proved, furnishes any bar to his claim, and assigns two reasons

1. That the plaintiff was not properly supplied with work by the defendants ; that he was out of employ parts of several days, one of which was near the time he left ; and he offered to show, that he complained of this to other workmen, but not to the defendants. On this point the judge ruled, that the defendants were bound to furnish a reasonable supply of work ; but, that if they failed to do so at any time, and the plaintiff continued to work afterwards, it would be a waiver on his part, *of a right to put an end to the contract, if the jury thought the* length of time he continued to work after such deficiency, was such as to warrant them to infer such a waiver ; but that this was a question entirely for them. It was also left to the jury to infer, if they thought the evidence sufficient for that purpose, that the plaintiff not saying when he left, that he left on account of deficiency of work, (as it appeared by the evidence, that he did not,) was a waiver of such deficiencies of work as happened a short time before he left.

This ruling seems to us to have been correct. It is only an application of the well settled principles of waiver of the benefits which one party may have, of avoiding a contract, arising from the laches of the other party. After such laches are known to him, the party affected by them is not allowed to treat the contract as a subsisting one, and to continue to receive substantial benefits under it, and subsequently to set up

those laches as an excuse for his own neglect to perform future duties by him agreed to be performed.

2. But the plaintiff would also avoid the bar set up by the defendants as arising from the alleged special contract, upon the ground, that the payment for his services was not, by that contract, to be postponed until the completion of the term of of service; and contended, that if it was left to the jury to find whether there was a special contract, it should be left to them to find what were the terms of the special contract as to the times of payment, and that they might take into consideration, among other things, the conduct of the parties, and, particularly a payment made by the defendants to the plaintiff, on the 1st day of July, 1836, in determining the terms of the contract in reference to the times of payment, the plaintiff claiming, that the performance of the service for the entire term was not a condition precedent to his recovery for the services he actually performed.

The judge ruled, that on the point of a special contract, the burden of proof was on the defendants; that if it was for a certain time, the law implied the promise to pay at the expiration of that time; and that if they found, that there was a contract to work until the 1st of April, at an agreed price, the verdict must be for the defendants. We apprehend, that this instruction of the judge, in its application to the plaintiff, was erroneous. The contract is treated as one explicit in its terms, as to the times of payment; and all evidence was excluded, which the plaintiff would offer for the consideration of the jury as raising a presumption of the time of payment being other than at the expiration of the term of service. It will be remembered, that the special contract as proved by the defendants, was silent as to the times of payment; and although a contract for services to be performed within a short period, would, in the absence of all explanatory proof, be *primâ facie*, a contract to pay at the expiration of the term of service, yet this is a mere presumption as to the time of payment, to be submitted to the jury, which may be rebutted by any evidence from which the jury may lawfully infer a different arrangement between the parties. It is a case where the presumption is to be drawn from all the facts and circumstances having a bearing

Thayer
*v.*
Wadsworth.

upon the question. Inasmuch as neither party proved any ex-
press contract as to the time of payment, it seems clear to us,
that the plaintiff might submit to the jury any proper facts and
circumstances on this point, from which, in connexion with the
evidence of the defendants, the jury must draw their own infer-
ence as to the time when payment was to be made for the ser-
vices to be rendered by the plaintiff to the defendants.   The
ruling of the judge being erroneous on this point, the excep-
tions are sustained and a new trial ordered.